■ 187 CONCOURSE ASSOCIATES, L.P., Appellant, v STONECREST MANAGEMENT, INC., et al., Respondents. [655 NYS2d 957] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about July 25, 1996, which in an action by plaintiff partnership seeking, *inter alia*, a declaration that its affairs are to be conducted on the basis of a majority vote of its general

partners, upon the parties' respective motions for summary judgment, declared in defendants' favor that the affairs of the partnership are to be conducted on the basis of a 60% vote of the general partners, and dismissed the remainder of the complaint against the corporate defendant for delivery of plaintiff's books, records and money in its possession and for damages, unanimously modified, on the law, to deny defendants' motion for summary judgment and reinstate the complaint, and otherwise affirmed, without costs.

Plaintiff argues that the 1985 agreement, which is silent on the matter of the right of the general partner *inter se* to run the partnership, superseded any other agreements between the partners concerning the partnership, including the 1978 agreement, which required a 60% vote of the general partners. However, ambiguities on the face of the 1985 agreement, as well as the contemporaneously executed distribution agreement, raise an issue of fact as to whether the signatories intended that the super-majority voting provision of the 1978 agreement be superseded. There are also issues of fact as to whether there was proper service of notice for the March 31, 1995 general partnership meeting purporting to oust the corporate defendant as plaintiff's management company, and as to plaintiff's claim for damages as a result of mismanagement. Concur—Murphy, P. J., Williams, Tom and Mazzarelli, JJ.